STATE OF MONTANA ex rel. RAY LAWIN, Petitioner, v. POLSON PLYWOOD COMPANY, a Corporation, WILL TEDDY, H. H. MEES, GEORGE KERN, JOHN BIRD and ED FUNKE, Directors Thereof, Respondents.

No. 10052.

Submitted June 15, 1959. Decided July 30, 1959.

Rehearing Denied September 1, 1959.

342 Pac. (2d) 1070.

MR. JUSTICE ANGSTMAN, dissented.

Hamman & Gottwig, Polson, for relator. F. N. Hamman and Donald E. Gottwig, Polson, argued orally.

Rankin & Acher, Helena, Doyle & Heinz, Polson, for respondent. Arthur P. Acher, Helena, and Stanley M. Doyle, Polson, argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an original proceeding for writ of mandate. We ac-

cepted jurisdiction and issued an alternative writ returnable before this court. On the return day respondents appeared by filing motion to quash and without waiver filed their answer and return.

In the petition it was alleged that petitioner was a stockholder of respondent corporation and that pursuant to notice the annual meeting of stockholders was held on April 18, 1959, for the purpose, among other things, of electing a board of directors; that at the meeting a stockholder requested that cumulative voting be permitted on the basis of the judgment of the district court rendered in the case of Sensabaugh v. Polson Plywood Company, being cause No. 10004 in this court, 342 Pac. (2d) 1064; that such request was denied and the right to vote cumulatively was not permitted; that petitioner voted his shares cumulatively but they were not counted; that had all cumulative ballots cast for petitioner been counted he would have been elected a director.

That on April 21, 1959, another stockholder served a demand on respondents that the election be declared irregular, set aside and a new election held; that more than five days had passed and no action had been taken by respondents; that the failure to allow cumulative voting and to call a new election was unreasonable and without authority in law and that petitioner had no plain, speedy or adequate remedy at law in view of respondents' failure to abide by the district court judgment in the Sensabaugh case, above referred to; that petitioner had been required to employ counsel and was obligated to pay reasonable fees therefore, which he seeks to recover herein.

In their answer respondents aver that petitioner was a stockholder on April 21, 1956, and as such voted to abolish cumulative voting by amendment of the by-laws of the corporation; that an appeal was perfected by respondents in Cause 10004 to this court, the record of which they incorporate herein by reference.

Since it was apparent from the petition that the issues herein were similar to those in Sensabaugh v. Polson Plywood Co.,

Cause No. 10004, such cause was set for oral argument at the same time as the return day on the alternative writ. The Sensabaugh case has been this day decided, and what was said therein is controlling here. Therefore, the motion to quash is denied and the writ will issue as prayed for by petitioner.

With reference to attorneys' fees to petitioner, this is not a case where there existed precedents to guide respondents and which they wilfully violated, it is a matter of first impression before this court. Since we are impressed with the sincerity of purpose of the respondents and the additional fact that petitioner was a party to the effort to abolish cumulative voting in the first instance, we feel that such allowance should be conservative. The petitioner is allowed attorneys' fees in the sum of $400, together with costs herein expended.

Let the peremptory writ issue. It is so ordered.

MR. JUSTICE CASTLES, concurs.

MR. JUSTICE ADAIR:

I concur in the order for the issuance of the writ.

MR. JUSTICE BOTTOMLY, (specially concurring).

I agree with the majority opinion, wherein it is held that "The motion to quash is denied and the writ will issue as prayed for by petitioner."

I would allow the petitioner attorneys' fees in the sum of $600, together with costs.

MR. JUSTICE ANGSTMAN:

My views in connection with the above case are the same as are stated in my specially concurring and dissenting opinion in Cause No. 10004, Sensabaugh v. Polson Plywood Company, 135 Mont. 562, 342 Pac. (2d) 1064.